IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-CV-2399-RPM(PAC)

STOCKART.COM, LLC,
a limited liability company,

      Plaintiff,

v.

TINA IVANOV, an individual, VICTORIA
RIERDAN HURLEY, an individual, BAD
KITTY CLOTHING, a partnership or joint
venture, BAD KITTY CLOTHING LLC,
a Limited Liability Company, and John Does
1 – 25,

      Defendants.

---

**STIPULATED ORDER
FOR PROTECTION OF TRADE SECRETS
AND CONFIDENTIAL INFORMATION**

---

It appearing that certain answers to interrogatories, certain documents and things, and certain responses during depositions which are or may become encompassed by discovery herein may contain trade secrets and other confidential research, development, or commercial information within the meaning of Rule 26(c)(7), and it further appearing that it would serve the interests of the parties to conduct discovery under an arrangement pursuant to Rule 26(c),

IT IS HEREBY Ordered THAT:

1.    This stipulation shall apply to discovery between all parties to this action and

1

shall apply to all information, documents and things owned or controlled by any party and subject to discovery in this action, including without limitation: testimony adduced at depositions upon oral examination or upon written questions pursuant to Rule 30 and 31; answers to interrogatories pursuant to Rule 33; documents produced pursuant to Rule 34; information obtained from inspection of premises or things pursuant to Rule 34; and answers to requests for admission pursuant to Rule 36.

2. At the time of production of any documents or things, or providing information in discovery in this action (whether in answers to interrogatories, answers to deposition questions, responses to requests for production, or the like), the producing party may designate as confidential the whole or part of any such documents, things, or other information that contains trade secret or other confidential research, development, commercial, or business information. The producing party shall designate documents and things which contain confidential information by prominently marking them "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO STIPULATION," "CONTAINS INFORMATION OF _____," "CONFIDENTIAL" or the like, on the document or thing in a readily visible manner. Confidential information other than produced documents and things shall be designated by the appropriate statement on the first page thereof and on the applicable interrogatory answer, deposition record, or the like in any other reasonable manner. No party may designate documents, information or things confidential if the item or matter has been previously disclosed to a non-party, unless the disclosure was made to (i) the party's accountant, (ii) a non-party under a protective order, (iii) a non-party with whom the party may maintain a legal privilege, or (iv) a non-party with whom the party enjoys a confidential, fiduciary or employment

relationship.

Inadvertent failure to designate protected subject matter as "CONFIDENTIAL" at the time of production may be remedied prospectively by supplemental written notice.

3.  Subject to paragraph 4, documents, things and all information designated confidential shall not be disclosed except by the prior written consent of the producing party or pursuant to a further order of the court, to any person other than:

(a)  the parties' outside attorneys and such attorneys' employees involved in the conduct of this litigation;

(b)  independent experts and consultants retained solely for purposes of assisting in this litigation, not including parties and their employees;

(c)  any deposition witness or prospective deposition witness, including without limit any person who prior to a deposition was or is an employee of the producing party;

(d)  the Court, jury, or other Court personnel including stenographers covering any deposition, hearing, or trial in this case.

(e)  the other party's officers, directors, or managing members.

Documents, things, and information properly designated as confidential pursuant to the terms of this stipulation may not be disclosed to any person except as provided in subparagraph (a), (b), (c), (d), or (e) or as is generally allowed by the Court at any hearing or trial except with the consent of the producing party.

4.  There shall be no disclosure of any confidential documents, things, or information to any person specified in subsection (b) and/or (c) of paragraph 3 unless the person to whom disclosure is to be made has previously agreed in writing to be bound by the terms of this

3

stipulation in the manner set forth in the form of Exhibit A attached hereto, or so agrees on the record of the deposition, unless disclosure is made at trial or other court proceeding.

5. The subject matter of designated portions of any deposition given by any present or former officer, employee, agent, or consultant of a producing party, and the original and all copies of the transcript of any such deposition, shall be considered to be confidential, so long as those designations are made before the transcript will be marked "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO STIPULATION" by the reporter or the producing party as appropriate, and the portions of the transcript so marked will be bound separately and thereafter will be subject to the provisions of this stipulation.

6. Any confidential documents, things, and information made available during the course of this litigation and designated as confidential shall be used by the recipients solely for purposes of this action and for the purposes of any claims arising out of the subject of this action and shall be maintained strictly in confidence.

7. A non-producing party may contest the designation of any document or information as confidential, and the parties shall confer in good faith to resolve any such disagreements. The Court shall determine any unresolved disputes with the producing party having the burden of proving the confidentiality of the document or information. The producing party shall pay all costs, including attorneys fees incurred by the party seeking production, which are incurred by the party seeking production, with respect to any production or disclosure of any information which the Court orders to be produced or disclosed over the objection of the producing or disclosing party, the production of which or disclosure of which is being sought by the receiving party. These shall be reasonably pro-rated in the event that the Court orders a

partial disclosure.

8.  Within sixty (60) days after the conclusion of this litigation, all confidential documents, things, and information, and all copies of confidential documents, or any summaries, memoranda or other records containing confidential information, shall be destroyed or returned to counsel for the producing party, except counsel for the parties may keep a set of pleadings, motion papers, deposition transcripts and exhibits, and the like. Counsel for the non-producing party shall provide a certificate reflecting such disposition.

9.  Nothing in this stipulation shall limit any party or person in the use of its own documents, things, or information for its purposes, or from disclosing its own confidential documents, things, or information to any person, or from disclosing to third parties documents, things, or information known to said parties.

December 8, 2005

So Ordered:

_____
United States District Judge

APPROVED:

/s/ James Lorin Silverberg
James Lorin Silverberg, Esq.
The Intellectual Property Group, PLLC
3600 Clipper Mill Road, Suite 278
Baltimore, MD 21211
(410) 338-2787

/s/ Scott McGath
Scott McGath
Overturf & McGath
625 East 16th Avenue Suite 100
Denver, Colorado 80203
303-860-2848

/s/ Tina Ivanov
Tina Ivanov
P.O. Box 24097
Los Angeles, CA 90024
(818) 710-7979

5

Pro Se

## EXHIBIT A

I, _____, hereby declare that:

1. My address is _____

2. My present employer is _____

3. My present occupation is _____

4. I have received a copy of the Stipulation for Protection of Trade Secrets and Confidential Information in Civil Action No. 04-CV-2399-RPM(PAC).

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with the all of the provisions of the Stipulation;

7. I will hold in confidence, and not disclose to anyone not qualified under the Stipulation, any material designated as comprising CONFIDENTIAL INFORMATION or information contained therein or derived therefrom, including words, substance, summaries, abstracts, or indices of CONFIDENTIAL INFORMATION disclosed to me;

8. I shall return all CONFIDENTIAL INFORMATION and summaries, abstracts, and indices thereof and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to outside counsel for the party by whom I am employed or retained; and

9. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcement of the Stipulation in this case.

I declare under penalty of perjury that the foregoing is true and correct.

8

Executed on _____.

_____

Signature of Declarant

9